J-S26013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER LEON | |
| Appellant | No. 940 MDA 2014 |

Appeal from the PCRA Order April 29, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000051-2011

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                              **FILED APRIL 24, 2015**

Alexander Leon appeals from the order entered April 29, 2014, in the Court of Common Pleas of Lebanon County that dismissed, after an evidentiary hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA).[1, 2] Leon contends that trial counsel was ineffective for:

1. Failing to adequately discuss the case with [him] prior to trial;

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] Leon seeks PCRA relief from the judgment of sentence of imprisonment of 10 years and 9 months to 25 years, imposed after a jury convicted him of rape, aggravated indecent assault, sexual assault, statutory sexual assault, and three counts of indecent assault, involving the 13-year-old victim. **See** 18 Pa.C.S. §§ 3121(a)(2), 3125(a)(8), 3124.1, 3122.1, 3126.

2. Failing to adequately prepare for trial regarding chain-of–evidence, when it could not be verified that the items from the Good Samaritan Hospital were the same items taken to the Harrisburg Hospital, as such items were not properly documented (i.e. sanitary pad, toilet tissue);

3. Failing to file a motion to suppress regarding [his] statements when he was interrogated by police after requesting counsel;

4. Failing to consult with [him] regarding his appellate issues as [he] wanted trial counsel to appeal the weight of the evidence and the sufficiency of the evidence; and

5. Coercing [him] into not testifying at trial.

Leon's Brief at 4.[3]

In its opinion, the trial court sets forth the relevant facts and procedural history, and therefore we do not restate the background of this case. *See* Trial Court Opinion, 4/29/2014, at 3–7.[4]

After a careful and thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned discussion of the Honorable Bradford H. Charles, we conclude Leon's claims merit no relief. The trial court comprehensively discusses and properly disposes of the

---

[3] Leon timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[4] We simply add that Leon's PCRA petition is timely as Leon filed his *pro se* PCRA petition on September 11, 2013, within one year of the date his judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1), (3). In this regard, we note this Court affirmed Leon's judgment of sentence on August 17, 2012, and the judgment of sentence became final 30 days later, on Monday, September 17, 2012, when the time for filing a petition for allowance of appeal in the Pennsylvania Supreme Court expired.

questions presented in this appeal and we adopt the trial court's opinion dated April 29, 2014. *See* Trial Court Opinion, *supra* at 8–20 (finding: (1) Trial counsel's testimony regarding her contacts with Leon (five meetings, a telephone conversation, and 12 letters) was credible, and she cogently and aggressively represented Leon, successfully convincing the jury that he was not guilty of three separate felony counts, (2) Prior to trial, trial counsel lodged an objection to the sanitary pad based upon an imperfect chain of custody; however, the court refused Leon's motion *in limine* so long as the victim could testify that she saw the sanitary pad being placed inside the evidence bag, and the victim specifically testified she saw the nurse take her panty liner and place it in the evidence bag and identified the pad as being the type she used, (3) Trial counsel correctly determined there was no basis to file a suppression motion where Leon was read his *Miranda*[5] warnings prior to articulating his claim that the victim raped him while he was sleeping, after which he asked for an attorney and police stopped their questioning, (4) Trial counsel did litigate a direct appeal on behalf of Leon,[6] and to the extent that Leon now raises chain of custody evidence and

_____

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[6] Leon's direct appeal challenged the sufficiency and weight of the evidence, as to the element of "force" as charged and applied in this case. *See Commonwealth v. Leon*, 60 A.3d 574 [2282 MDA 2011] (Pa. Super. August 17, 2012) (unpublished memorandum).

suppression issues, those issues, as already discussed, are meritless, and there can be no ineffectiveness in failing to pursue those issues for appellate review, and (5) Leon was fully colloquied and understood his right to testify and his right not to testify; trial counsel gave Leon advice and provided information with respect to what would happen if Leon would testify; and Leon made his own decision not to testify).  The record supports the court's decision and we find no reason to disturb the court's denial of relief. Accordingly, we affirm.

Order affirmed.[7]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015

---

[7] We direct that a copy of the PCRA court's opinion of April 29, 2014, be attached to this decision.